IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 10-cv-02028-LTB

OTTER PRODUCTS, LLC, a Colorado Corporation

        Plaintiff,

v.

FREECO, INC., a North Carolina Corporation d/b/a Envy Case, LLC,

        Defendant.
_____

ORDER AND JUDGMENT
_____

This matter is before me on a Motion for Default Judgment [**Doc # 12**] filed by Plaintiff, Otter Products, LLC, a Colorado Corporation, following an Entry of Judgment against Defendant, FreeCo, Inc., a North Carolina Corporation d/b/a Envy Case, LLC.  In this motion Plaintiff seeks judgment against Defendant in the form of a permanent inunction.  I GRANT the motion and ENTER DEFAULT JUDGMENT and PERMANENT INJUNCTIVE RELIEF in favor of Plaintiff as follows.

**I.  Background**

Plaintiff filed its Complaint on August 23, 2010, asserting that Defendant infringed on its patent (Patent No. D617,784) and trademarks (Trademark Registration Nos. 3,623,789 and 3,788, 534) related to its phone case made for the Apple iPhone 3G/3GS. [Doc # 1]  Plaintiff alleged that Defendant engaged in:  Infringement on its Patent (First Claim for Relief); Willful Patent Infringement in violation of 35 U.S.C. §284 (Second Claim for Relief);  Trademark

Infringement in violation of 15 U.S.C. §1114 (Third Claim for Relief); Trade Dress Infringement (Fourth Claim for Relief); and Unfair Competition under Colo. Rev. Stat. § 6-1-101, *et. seq.* (Fifth Claim for Relief). Plaintiff sought relief in the form of a temporary restraining order and preliminary and permanent injunctions enjoining and restraining Defendant from manufacturing, selling, or offering for sale its infringing phone case. In addition, Plaintiff sought an award of damages, reasonable attorneys' fees and costs, and such other relief as the Court deemed proper.

Defendant failed to answer, move, or otherwise plead in response to the Complaint. As a result, pursuant to Plaintiff's request, the Clerk of the Court for the District of Colorado entered default against Defendant on January 10, 2011. [Doc # 11]

## II.  Jurisdiction

This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1332, 1338, and 1367. Personal jurisdiction and venue is proper under 28 U.S.C. §§ 1391 and 1400.

## III.  Legal Authority

I may order a default judgment after the entry of default by the Clerk. Fed. R. Civ. P. 55(b)(2)*; Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). A party against whom default has been entered is deemed to have admitted the facts alleged by the plaintiff's complaint. *See Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) ("Defendant by his default, admits the plaintiff's well-pleaded allegations of fact, is precluded from challenging those facts by the judgment, and is barred from contesting on appeal the facts thus established"). If the facts plead by the complaint sufficiently support a finding of liability by the defendant, the court may enter default judgment. *Bixler v. Foster, supra*, 596 F.3d at 796.

In this motion Plaintiff requests a permanent injunction against Defendant.  The Patent Act provides that courts "may grant injunctions in accordance with principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable."  35 U.S.C. § 283.  A plaintiff's entitlement to injunctive relief is evaluated under the four-factor test outlined in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).  In that case the Supreme Court ruled that a plaintiff must show that "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *Id.* at 391.  The decision to grant or deny an injunction "rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity."  *Id.* at 394.

### IV.  Findings Of Fact

The following factual allegations contained in Plaintiff's complaint are deemed admitted by Defendant.

1. On July 15, 2010, United States Design Patent No. D617,784 (the '784 Patent"), entitled "Case," was duly and legally issued to Curt R. Richardson and Alan V. Morine.  The '784 Patent is enforceable and, pursuant to 35 U.S.C. § 282, enjoys a statutory presumption of validity.

2.  By assignment, Plaintiff owns all rights, title, and interests in and to the '784 Patent, including, without limitation, the right to enforce it and collect damages for past infringement.

3. On May 19, 2009, United States Trademark Registration No. 3,623,789 was registered on the principal register for the word mark "DEFENDER SERIES." The DEFENDER SERIES mark is owned by Plaintiff, and actively used in connection to the sale of its products.

4. On May 11, 2010, United States Trademark Registration No. 3,788,534 was registered on the principal register for the word mark "OTTERBOX." The OTTERBOX mark is owned by Plaintiff, and is actively used in connection to the sale of its products.

5. Defendant is engaged in the regular, continuous, and systematic transaction of business in this judicial district, including through the distribution, sale and or offer for sale of the Envy Case Guardian™ case ("the Guardian case") through its website and online auction listings, and has committed acts of patent infringement in this judicial district.

6. On July 15, 2010, Plaintiff gave notice of infringement of the '784 Patent and its trademark rights to Defendant. Defendant responded, on July 15, 2010, by asserting a trademark right to the "GUARDIAN" mark. The response did not address Plaintiff's allegations of design patent or trademark infringement.

7. Defendant is making, using, selling, and/or offering to sell in the United States and/or importing into the United States the Guardian case for the Apple iPhone 3G/3GS. These activities constitute direct infringement of the '784 Patent, in violation of 35 U.S.C.§ 271(a).

8. Furthermore, when designing, producing, and manufacturing its cases for the Apple iPhone 3G/3GS and other phones, Plaintiff has adopted a particular dress, design, and combination of features to produce a particular visual appearance for the purpose of presenting such goods to the public. Defendant has attempted to imitate Plaintiff's particular dress, design, and combination of features in such a way as to mislead the public.

9. The complete mimicry of aesthetic features – excepting the omission of the "OtterBox™" logo from the back of the case – evidences a conscious intent by Defendant to imitate and copy Plaintiff.

10. Defendant's actions were intended and/or operated to confuse the public into believing that its products are produced, endorsed, licensed, or in some manner authorized by Plaintiff.

11. Plaintiff's sales of its own products are prejudiced by Defendant's imitation and copying of the Defender Series product line, to Plaintiff's irreparable damage.

## V.  Conclusions of Law

Based on the foregoing findings, I conclude that Plaintiff is entitled to injunctive relief pursuant to the four-factor test set forth in *eBay v. MercExchange, supra*, 547 U.S. 388, as follows:

**A. Irreparable Harm**

Defendant's conduct, in selling copies of Plaintiff's phone case in direct competition with it, has caused Plaintiff irreparable harm. Although "irreparable harm" evades easy definition, it "is often suffered when the injury can[not] be adequately atoned for in money . . . or when the district court cannot remedy [the injury] following a final determination on the merits." *Wald v. Mudhopper Oilfield Services, Inc.,* 2006 WL 2128851, 5 (W.D. Okla. 2006)(not selected for publication)(*quoting Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)).

Defendant made, sold, and offered for sale its infringing phone cases in direct competition with Plaintiff's sales of its own case. "[L]oss of customers, loss of goodwill, and threats to a business' viability can constitute irreparable harm." *Hill's Pet Nutrition, Inc. v. Nutro Products, Inc.*, 258 F.Supp.2d 1197, 1205 (D. Kan. 2003)(*quoting Zurn Constructors, Inc. v. B.F. Goodrich Co.,* 685 F.Supp. 1172, 1181 (D. Kan. 1988)). "The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute." *Guidance Endodontics, LLC v. Dentsply Intern., Inc.,* 633 F.Supp.2d 1257, 1270 (D.N.M. 2008)(*quoting Basicomputer Corp. v. Scott,* 973 F.2d 507, 511-12 (6th Cir.1992)).

Defendant's conduct in selling its copy-cat infringing phone case, in this matter, constitutes irreparable harm to Plaintiff in the form of loss of good will, business reputation, and its trade dress. *See Happy Sumo Sushi, Inc. v. Yapona, Inc.*, 2008 WL 3539628 (D. Utah 2008)(the plaintiff "has shown irreparable harm by the loss of good will, business reputation, and loss of control over its trade dress"). The purpose of a permanent injunction in a patent infringement case "is to preserve the right of the patent owner to exclude others from making,

using, selling, or offering to sell the patented invention." *Fisher-Price, Inc. v. Safety 1st, Inc.,* 279 F.Supp.2d 526, 528 (D. Del. 2003)(*quoting Smith Int'l, Inc. v. Hughes Tool Co.,* 718 F.2d 1573, 1577-78 (Fed. Cir. 1983)(noting that without the right to exclude, incentive to patent is diminished)).

**B.  Insufficient Remedies Available at Law**

Where the defendant produces a product violating a patent, the infringement upon the exclusive right to practice the teachings of a patent cannot be adequately compensated by monetary damages. *See Atlas Powder Co. v. Ireco Chems.*,773 F.2d 1230, 1233 (Fed. Cir. 1985) ("[i]f monetary relief were the sole relief afforded by the patent statute then injunctions would be unnecessary and infringers could become compulsory licensees for as long as the litigation lasts").  In such cases, "monetary damages are not an adequate remedy against future infringement because the principal value of a patent is its statutory right to exclude." *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 397 F. Supp. 2d 537, 546 (D. Del. 2005)(quotation omitted).

Here, the established facts are that Defendant directly competed with Plaintiff by selling phone cases, infringing on Plaintiff's patent and trademark interests, causing damage to Plaintiff. The loss of consumer goodwill caused by confusion over the source of the infringing phone cases, the damage to Plaintiff's reputation as an innovator in case design and functionality, the invasion upon its right to exclude others, and the nullification of its right to control the terms of any licensing agreement, are injuries that cannot be adequately remedied by a monetary award. In addition, there are certain tangential benefits associated with patent rights, such as a marketplace reputation for enforcing one's patents, the value of which cannot be quantified in

monetary damages.  *See Reebok Int'l, Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557 (Fed. Cir. 1994) ("[t]he patent statute provides injunctive relief to preserve the legal interests of the parties against future infringement which may have market effects never fully compensable in money").

**C.  Balance of Hardships**

The balance of the relative hardships in this case clearly favors an injunction.  As argued by Plaintiff, Defendant has willfully avoided addressing concerns over the appropriation of its intellectual property, it has failed to participate in this litigation, and has given no basis for the court to believe that it would not resume its infringing activities after the cessation of this action. While it appear that Defendant has subsequently taken down its website selling the offending phone cases, and redirected all traffic to a third party website, "the fact that an infringing defendant has apparently, at least temporarily, ceased its infringement is not a basis for the court to deny a permanent injunction against future infringement unless the evidence is very persuasive that the infringing defendant will not resume its infringement."  *W.L. Gore & Assocs. v. Garlock*, *Inc.*, 842 F.2d 1275, 1281-82 (Fed. Cir. 1988).

**D. Public Interest**

Finally, I agree that the public's interest would be best served by a permanent injunction in this matter.  First, I note "the substantial interest in enforcing valid United States patents." *Fisher-Price v. Safety 1st, supra,* 279 F.Supp.2d at 528.  I likewise "perceive no countervailing harm to the public in granting the requested injunctive relief."  *Id.*  I cannot see how the removal or future prohibition of the infringing phone cases from the stream of commerce would harm or cause a disservice to the public.  *Id.* at 529.

Analysis of the four-factor test set forth in *eBay v. MercExchange, supra*, results in the conclusion that Plaintiff is entitled to permanent injunctive relief.  *See Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226, 1247 (Fed. Cir. 1989)("[i]t is the general rule that an injunction will issue when infringement has been adjudged, absent a sound reason for denying it").  In so concluding, I note that the injunctive relief requested complies with Fed. R. Civ. P. 65(d) and is properly limited to a prohibition against the "manufacture, use, or sale of the specific infringing device, or to infringing devices no more than colorably different from the infringing device." *Additive Controls & Measurement Sys. Inc. v. Flowdata, Inc.*, 986 F.2d 476, 479-80 (Fed. Cir. 1993).

ACCORDINGLY, I GRANT the Motion for Default Judgment [**Doc # 12**] filed by Plaintiff, Otter Products, LLC, a Colorado Corporation, against Defendant, FreeCo, Inc., a North Carolina Corporation d/b/a Envy Case, LLC.

As such, IT IS HEREBY ORDERED as follows:

Defendant FreeCo, Inc., d/b/a Envy Case LLC, its officers, directors, employees, attorneys, agents, successors and assigns and all those in active concert or participation with them having notice of this judgment, directly or indirectly, are hereby permanently enjoined and restrained and from engaging in the manufacture, sale, or offering for sale the Guardian™ case, or otherwise infringing upon Plaintiff's rights in United States Design Patent No. D617,784, and from manufacturing, selling, or distributing, or in any manner enabling or aiding others to manufacture, sell, or distribute the Envy Case Guardian Case and all versions thereof, the design of which has been determined to violate Plaintiff's rights to protection under the Lanham Act, or from otherwise infringing upon Plaintiff's trademark and trade dress rights.

Finally, IT IS FURTHER ORDERED that this court shall retain jurisdiction of this matter for the purpose of enforcing the terms of this order.

Dated: April   22  , 2011, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE